**Hattie Ruth JONES, Appellee,**

v.

**George Bennett HAMM, Appellant.
No. 11992.**

United States Court of Appeals
Fourth Circuit.

Argued March 7, 1968.

Decided March 18, 1968.

194

---

James D. Jefferies, Greenwood, S. C., for appellant.

Eugene C. Griffith, Newberry, S. C. (Victor K. Meador, Atlanta, Ga., on brief), for appellee.

Before BOREMAN and WINTER, Circuit Judges, and MacKENZIE, District Judge.

PER CURIAM:

Plaintiff brought this action to recover damages resulting from the negligent operation by the defendant of an automobile which occasioned a collision between automobiles driven by the plaintiff and the defendant. Trial was held by the district court without a jury. The "Order" of the lower court is cast in the form of a written opinion, containing findings of fact and conclusions of law, wherein the court found for the plaintiff and awarded damages for her personal injuries. We affirm on the opinion of the district court.[1] However, we add a brief explanatory statement.

The plaintiff was driving eastwardly on "through" highway No. 34 from Atlanta, Georgia, toward Newberry, South Carolina. The defendant entered highway 34 from a secondary road which terminated at highway 34 at a T intersection. There was a stop sign on the secondary road at the intersection, the secondary road being on the plaintiff's right. The defendant intended to turn left on highway No. 34.

During the trial the defendant attempted to limit the plaintiff's proof of negligence to the sole issue of whether or not defendant had stopped his car before entering highway No. 34. Defendant claimed principal reliance upon a certain interrogatory and the answer thereto which the defendant contended limited the plaintiff to this sole and single claim of defendant's negligence.

The defendant had addressed an interrogatory to the plaintiff asking her to "describe in detail and with particularity each act of negligence with regard to the matters contemplated by the Complaint of which you contend the Defendant is guilty." Plaintiff answered, stating in pertinent part, as follows:

"* * * the defendant herein, failed to stop his car at a designated stop sign, causing him to strike my car as set out in paragraph 3 of my petition [Complaint]."

Paragraph 3 of the Complaint is as follows:

"3. That as the plaintiff approached said intersection, the defendant failed to yield the right-of-way and drove his Chevrolet automobile, as aforesaid, into Highway 34 and caused a wreck between the car he was driving and the car the plaintiff was driving."

1. Jones v. Hamm, 283 F.Supp. 199 (D.S.C.1967).

The phrase "as aforesaid" in paragraph 3 obviously refers to paragraph 2 of the Complaint, which is in pertinent part as follows:

"* * * the plaintiff was driving * * *, in an easterly direction on South Carolina Highway No. 34, * *; that as the plaintiff approached the intersection of State Road No. S–6–292 the defendant approaced [sic] that intersection in a 1958 Chevrolet automobile; that the highway the plaintiff was traveling upon was a through highway having the right-of-way, and the road upon which the defendant was traveling was a secondary road and was posted with a stop sign at the intersection of it and Highway 34."

Implicit in the plaintiff's answer to the defendant's interrogatory as noted above, is the claim that the defendant failed in his duty and obligation to yield the right-of-way to the plaintiff. Upon defendant's urging that the plaintiff was limited in her proof of negligence to the defendant's failure to stop at the intersection, the following colloquy occurred between the court and the defendant's counsel:

THE COURT: "* * *. The thing I want to know is do you want to put up some more testimony? I have let him [plaintiff's counsel] make such necessary amendments as is proper to let the court have the whole truth of the situation. If you want to offer some more testimony, I want to know it now. If you want to take another deposition, or you want me to hear any more testimony, I want to know it now. I am available. I will be available all next week. Except for the first two weeks in August, I will even be available then at any time if you want me to reconvene court to take any testimony you might think you might need to overcome any prejudice you suppose."

DEFENDANT'S COUNSEL: "No, sir. I will stick by the record as it stands."

THE COURT: "All right. I am offering it to you and you refuse."

DEFENDANT'S COUNSEL: "Yes, sir."

THE COURT: "All right. I think we have an understanding."

Thus was the defendant provided with an opportunity to meet the evidence which, as the court found, pointed to the defendant's negligence. It was made perfectly clear that the court's objective was to ascertain the truth. The offers were made to extend to the defendant the right of further discovery, to continue the case and to permit the defendant to present such further evidence as he might deem necessary. The offers were flatly refused.

Affirmed.